In The United States District Court
For The Southern District Of Illinois

Devin Mottley }
   Plaintiff }
     v }    Hon.
C/O Rock et al. }  Case No.   **24-2046-SMY**
   Defendants }

Complaint For Damages
And Injunctive Relief
With Jury Demand

### i. Introduction

1. This is a §1983 action filed by Plaintiff Devin Mottley a state prisoner, alleging violation of his constitutional rights to recieve medical care, defendants collectively failed to protect the plaintiff from sexual assault, defendant sexually assaulted the plaintiff and seeking Compensatory and punitive damages

### II Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 USC §1331 in that this is a civil action arising under the Constitution of The United States

3. Jurisdiction of the Court is invoked pursuant to 28 USC §1343 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by acts of Congress providing for equal rights of persons within the jurisdiction of the United States Venue is proper in the Southern District of Illinois under 28 U.S.C 1391(b)(2) because all events or omissions giving rise to Plaintiffs claim asserted herein occurred in this District

## II. Parties

Plaintiff Devin Mottley aka Skylar Mottley at all times relevant was confined by the Illinois Department Of Corrections at Menard C.C

Defendant C/O Rock at all times relevant was a C/O and employed by IDOC. At all times he was acting under color of law. He is sued in his individual and official capacity

Defendant C/O Rock at all times relevant was a C/O and employed by IDOC. At all times he was acting under color of law. He is sued in his individual and official capacity

Defendant Latoya Hughes at all times relevant was the Acting Director of IDOC and employed by IDOC. At all times relevant she was acting under color of law. She is sued in her individual and official capacity

Defendant John Doe at all times relevant was the transfer coordinator of IDOC and employed by IDOC. At all times relevant was acting under color of law. Is sued in their individual and official capacity

Defendant Investigator Breeze at all times relevant was a state investigator employed by IDOC. At all times relevant was acting under color of law. He is sued in his individual and official capacity

Defendant Anthony Wills at all times relevant was a
Warden employed by IDOC. At all times relevant he
was acting under color of law and is sued in his individual
and official capacity.

Defendant Jane Doe at all times relevant was an
assistant Warden at Menard CC employed by IDOC.
At all times relevant he was acting under color of law
and is sued in her individual and official capacity

Defendant Sgt House at all times relevant was a
C/O employed by IDOC. At all times relevant he was
acting under color of law and is sued in his
individual and official capacity

Defendant CO Tatum at all times relevant was a
C/O employed by IDOC. At all times relevant was
acting under color of law and is sued in his
individual and official capacity

Defendant Lt Hanks at all times relevant was a
C/O employed by IDOC Acting under color of
law and is sued in his individual and official
capacity

Defendant Sgt Ashback at all times relevant was
a C/O employed by IDOC acting under color
of law and is sued in his individual and official
capacity

Defendant C/O Lloyd at all times relevant was a C/O employed by IDOC acting under color of law he is sued in his individual and official capacity

Defendant C/O Faulkenberry at all times relevant was a C/O employed by IDOC acting under color of law is sued in his individual and official capacity

Defendant C/O Akins Jr at all times relevant was a C/O employed by IDOC acting under color of law is sued in his individual and official capacity

Defendant Mulholland at all times relevant was a Counselor/Grievance Officer employed by IDOC acting under color of law is sued in his individual and official capacity

Defendant Sandy Walker at all times relevant was a C/O on the Hearing Committee employed by IDOC acting under color of law is sued in her individual and official capacity

Defendant Anthony Jones at all times relevant was a C/O on the Hearing Committee employed by IDOC acting under color of law is sued in his individual and official capacity

Defendant Ms Bennett at all times relevant was
Mental Health staff employed by Wexfor acting
under color of law is sued in her individual and
official capacity

Defendant Ms Hornberger at all times relevant was
Mental Health staff employed by Wexfor acting
under color of law is sued in her individual and
official capacity

Defendant C/O Martin at all times relevant was
a C/O employed by IDOC acting under color of
law is sued in his individual and offical capacity

IV Exhaustion Of Remedies

Plaintiff exhausted her administrative remedies before filing this complaint

## V Statement Of Facts

In 2023 Plaintiff was a vulnerable protective custody inmate. She is transgender and very feminine in appearance. She filed numerous grievances about her fears of being sexually assaulted due to both her appearance and because she was housed is a violent maximum security prison. She asked numerous times verbally and through the grievance process that she be transferred to a facility that has live in programs designated for transgender inmates such as the PRISM program in Centralia C.C

On December 8, 2023 The plaintiff was returning from a scheduled call pass. As she entered her cell Defendant Rock entered behind her aggressively and sexually assaulted the Plaintiff by forcing her to perform oral sex on him (Defendant C/O Rock). Afterwards the Plaintiff spit her saliva and Defendant C/O Rock sperm out out and mailed it to several law firms (see exhibit B)

Throughout the Month of December Defendant C/O Rock used threats of physical violence by him (Defendant C/O Rock) or inmates to the plaintiff if the plaintiff

chose to report the December 8 cases sexual assault incident.

In the month of December the plaintiff was interviewed by Defendant IA John Doe and she let him know that she did not feel comfortable telling Menard staff what happened to her because of threats she recieved from an officer. Defendant IA John Doe told the Plaintiff to stop wasting his time because he has a lot to deal with and he doesn't have time for this faggot bullshit

January 9, 2024 the plaintiff was heading to yard. As soon as the plaintiff entered the yard another inmate began yelling at the plaintiff asking why was the plaintiff trying to get the coolest C/O (Defendant C/O Rock) in trouble then that inmate visciously attacked the plaintiff. Instead of staff rushing in to save the plaintiff from the viscious attack the C/Os instead closed the gate to the yard leaving it up to another inmate named Larbie to come and save the plaintiff (see exhibit GA). The plaintiff was refused health care services after the viscious attack

On February 5, 2024 the plaintiff tried to file a grievance about the sexual assault but Defendant C/O Martin told the plaintiff to ask for the grievance box in her "man voice" in reference to the plaintiff being transgender. Defendant C/O Martin refused to bring the grievance box

On February 6, 2024 the grievance about the sexual assault was finally able to be placed in the grievance box showing that the Plaintiff went above and beyond to exhaust her remedies even though she was denied access to the grievance protocals the day before.

On February 6, 2024 the plaintiff refused to leave seg because the facility was trying to place her back around the C/O that sexually assaulted her. The plaintiff was denied any other housing options besides punitive segregation.

On February 17, 2024 the plaintiff was interviewed by Defendant Lt Hanks approximately 11 days later about the sexual assault that took place December 8, 2023. Defendant Lt Hanks refused to let the plaintiff out of punitive segregation and told the plaintiff that her safety is solely her responsibility and to stay in seg for all he (Defendant Lt Hanks) cares

On February 20, 2024 the Plaintiff talked to the Defendant MHP Hornberger about the sexual assault she experienced (the plaintiff) and the Defendant said despite what P.R.E.A says the people at Menard C.C are refusing to let her properly do her job and arent giving her the proper tools

On March 7 2024 - March 8, 2024 the Plaintiff was interviewed by Defendant Blue Breeze. The Defendant refused to acknowledge the plaintiffs sexual assault incident. The Defendant refused to give the recommendation for the plaintiff to be transferred. The Defendant Breeze also laughed and asked the Plaintiff how is she enjoying segregation.

On March 13, 2024 Defendant John Doe refused to allow the plaintiff to submitt grievances

On April 17 IA Defendant John Doe came and did two DNA swabs on the plaintiff. C/O John Doe also gave the plaintiff a paper saying that the December 8, 2024 incident was not a crime

Between the Months of February 2024 and May 2024 the plaintiff recieved three refusing housing tickets because she was refusing housing due to her fears of Defendant C/O Rock. The plaintiff is labeled severely mentally ill and long term segregation began causing her more emotional damage.

Plaintiff was moved to where she was placed around another Defendant C/O Rock. Defendant C/O Rock made numerous threats to the plaintiff in regards to her leaving the issue of the Dec 8 2023 sexual assault incident with the other Defendant C/O Rock alone. Defendant C/O Rock often refused the plaintiff meals and the grievance box until the plaintiff was transferred

Defendant C/O Lloyd made numerous threats to the plaintiff to drop the Dec 8 2023 issue and encouraged other inmates to intimidate the plaintiff in the months of May and June 2024

Defendant C/O /Sgt Ashback threatened the plaintiff and sprayed mace in front of her cell in order to intimidate the plaintiff into dropping the December 8 2023 incident

Plaintiff asked to be tested for std or sti from the December 8 2023 incident and was denied by Defendants Breeze, Hanks, and Tatum

Defendant Sgt House tried threatening and intimidating the plaintiff into dropping the Dec. 8 2023 incident along with Defendant Tatum

Defendant Anthony Willis and Defendant Assistant Warden Jane Doe talked with plaintiff on April 17, 2024 and the plaintiff explained everything about the December 8 2023 incident. Defendant Anthony Willis told the plaintiff that he doesnt give a fuck about it, file a grievance, and stop acting like a woman in a male facility. Defendant Assistant Warden Jane Doe told the plaintiff that the plaintiff cant handle pretending to be a woman.

The plaintiff sent out numerous emails that are monitered by IA from Decemeber 2023 until July of 2024 about the sexual assault she endured

The actions of Defendant C/O Rock in sexually assaulting the plaintiff was was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution

The actions of Defendant C/O Rock in sexually assaulting the plaintiff without need or provocation constituted the tort of assault and battery under law of Illinois

The failure of Defendants Anthony Wills, Assistant Warden Jane Doe, Latoya Hughes, and Breeze to take disciplinary actions or other actions to curb the known pattern of physical abuse of inmates by C/O Rock constituted deliberate indifference to the plaintiff's and other prisoners safety, and contributed to and proximately caused the above described violation of the Eighth Amendment rights and assault and battery

The actions of Defendants Sandy Walker, Anthony Jones, Anthony Wills in finding the plaintiff guilty of Disobeying a direct order essential to the safety and security of the institution for trying to avoid Defendant C/O Rock who sexually assaulted her denied the plaintiff due process of the law in violation of the fourteenth amendment of the United States Constitution

The failure of defendants Ms Bennett and Hornberger provide for the mental health treatment of the plaintiff constitutes deliberate indifference to plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution

The failure of defendants Ms Bennett and Hornberger to provide for the mental health needs of the plaintiff constitutes the tort of negligence under the law of Illinois

The failure of defendants Latoya Hughes, Anthony Wills, and assistant Warden Jane Doe to properly train staff and enforce protective policies constitutes deliberately indifference to the plaintiffs and other prisoners safety and contributed and proximately caused the above described violation of the Eighth Amendment rights to the United States Constitution.

The retaliation of defendants CO Rock, C/O Rock, Sgt House, C/O Tatum, Ashback, Lloyd, Faulkenberry, Akins, Sandy Walker, and Anthony Jones by threatening or intimidating the plaintiff by words, actions, or punitive segregation constitutes retaliation in violation of the First Amendment to the United States Constitution

The actions of Defendant Sgt Ashback in spraying mace in front of the plaintiff's cell without need or provocation were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the eighth amendment of the United States Constitution

The actions of defendant C/O Martin in denying the plaintiff access to the grievance box/protocol denied the plaintiff due process of law in violation of the Fourteenth amendment to the United States Constitution

The actions of Defendant Sgt Ashback in spraying mace in front of the plaintiff's cell without need or provocation constituted the tort of assault and battery under the law of Illinois

The actions of Akins Jones Defendants Akins Jr, Sandy Walker, and defendant Anthony Jones in finding the plaintiff guilty of disobeying a direct order pertaining to the safety and security of the institution, denied the plaintiff due process of law in violation of the fourteenth Amendment to the United States Constitution

Relief Requested

Wherefore, plaintiff request that the court grant the following relief

A. Issue an injunction ordering the defendants to transfer the plaintiff to Centralia C.C PRISM program or Logan C.C

B. $500,000 in punitive damages against defendant C/O Rock
$10,000 each in punitive damages against defendants C/O Rock, Hughes, John Doe, Jane Doe, Breeze, Wills, House, Tatum, Hanks, Ashback, Lloyd, Faulkenberry, Akins, Mulholland, Walker, Jones, Bennett, Hornberger, & Martin

C. $500,000 compensatory damages against C/O Rock defendant for the physical and emotional injuries sustained as a result of the sexual assault against the plaintiff
$10,000 compensatory damages against defendants Bennett and Hornberger for the emotional injury from not providing adequate medical care to the plaintiff
$50,000 compensatory damages against defendants Hughes, Wills, Jane Doe for the failure to properly train and enforce policies

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s):  Page Skylar Mottley

Defendant(s):  Page et al

2.    Court (if federal court, name of the district; if state court, name of the county):  Central District Peoria Division

3.    Docket number:  20 CV1747

4.    Name of Judge to whom case was assigned:  Colin Sterling Bruce

5.    Type of case (for example: Was it a habeas corpus or civil rights action?):  civil rights

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):  settled

V.    **REQUEST FOR RELIEF**

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

VI.    **JURY DEMAND** (*check one box below*)

The plaintiff ☑ does  ☐ does not request a trial by jury.

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:  _8/24/24_

(date)

_____
Signature of Plaintiff

_Po box 99_
**Street Address**

_Pontiac IL 61764_
**City, State, Zip**

_Skylar Mottley (Devin Mottley)_
**Printed Name**

_M17551_
**Prisoner Register Number**

_____
Signature of Attorney (if any)

Rev. 10/3/19

**United States District Court**
**SOUTHERN DISTRICT OF ILLINOIS**

Devin Mottley
_____
    Plaintiff,

VS.

CO Rock et al
_____
    Defendant

)
)
)
)
)
)
)

Case No.: _____

**NOTICE OF FILING**

TO: United States District Court Southern District
_____
_____
_____

TO: _____
_____
_____

TO: _____
_____
_____

TO: _____
_____
_____

PLEASE TAKE NOTICE that on _8/26_____, 20_24_, I have provided service to the person(s) listed above by the following means:

☒    Electronically filed through _Pontiac___ Correctional Law Library

☐    Institutional mail at _____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

**DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 USC 1746 and 18 USC 1621, I declare under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: _8/26/24_____

/s/ _____
NAME: _Devin Mottley aka Skylar Mottley_
IDOC#: _M17551_
_Pontiac___ Correctional Center
P.O. Box _99_
_Pontiac____, IL _61764_

Previous Lawsuit

1. Parties to previous lawsuits:

Plaintiff: Skylar Mottley

Defendants: IA Kollins, et al.

2 Court: Northern District

3 Docket number: I dont remember

4 Name Of Judge: I dont remember

5 Type of case: Civil rights

6 Disposition of case: voluntarily dismissed /dissolve

7 Approximately date of filing 2020

8 Approximate date of disposition 2024

9 Was the case dismissed as being frivolous
malicious, or for failure to state a claim upon
which relief maybe granted and /or did the
court tell you that you recieved a "strike"?
voluntarilly dismissed

Exhibit A

State Of Illinois
County Of Livingston } Affidavit Of <u>Vincent Dilworth</u>

Pursuant to 28 U.SC. 1746, I declare (or certify, verify, or state) under penalty of perjury that the following is true and correct.

When I was in Lawrence in the year 2024 ME and Luther Wiggins was both in approved protective custody and I over heard Luther Wiggins talking to another inmate saying that the c/o Rock had promised Luther Wiggins a transfer from Menard if he was to attack Devin Mottley for him so he did attack Devin Mottley

Signature <u>Vincent Dilworth</u>
Date  8/23/24

Exhibit D



**LAW OFFICE OF**

# JORDAN MARSH

CIVIL RIGHTS · PERSONAL INJURY

August 2, 2024

Skylar (Devin) Mottley – IDOC# M17551
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

**LEGAL MAIL**

Dear Skylar:

As we just discussed by phone, I won't be able to help you in your civil case. I will ask around to see if anyone is interested in taking it on. But you should also try to find an attorney, because I may not be able to find anyone. We discussed the challenges of your case on the phone. Also, I will see if I can find a criminal attorney who may be able to help you on your sentencing issue. As we discussed, I still have your DNA evidence – I haven't done anything to it. At some point, I will ask you to direct me where to send it.

I wish you all the best.

Sincerely yours,

/s/ Jordan Marsh

Jordan Marsh
Attorney

5 Revere Drive Suite 200
Northbrook Illinois 60062
Phone (224) 220-9000 · Fax (312) 667-9216
jordan@jmarshlaw.com · www.jmarshlaw.com

State Of Illinois
County Of Livingston  } Affidavit Of _Derek Larbie_
                                              Name

Pursuant to 28 U.SC 1746, I declare (or certify, verify or state) under penalty of perjury that the following is true and correct.

On the date of January 9th, 2024, I, Derek Larbie at a distance of a few paces away witnessed individual, Luther Wiggins, viciously attaching another individual, Devin Mottley on behalf of Correctional officer, 'Rock'. Despite the single entry and exit gate remaining unlocked and open a'ar, the several staff members located → at that gate failed to intervene during the assault. After watching 'Devin Mottley' get struck repeatedly → several times with a closed fist, I, Derek Larbie, stepped in front of the assailant, Luther Wiggins, to prevent 'Devin Mottley' from recieving further harm.

Signature
Date. 8/6/24